UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| 1100 West, LLC, | ) |
| | ) |
|   Plaintiff/Counterdefendant, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:05-cv-1670-LJM-WTL |
| | ) |
| RED SPOT PAINT AND VARNISH CO., INC., | ) |
| | ) |
|   Defendant/Counterclaimant. | ) |

### ENTRY ON MOTION FOR PROTECTIVE ORDER

This cause is before the Court on a Motion for Protective Order filed by Defendant Red Spot Paint and Varnish Co., Inc. ("Red Spot"). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

This case involves contamination on property owned by Plaintiff 1100 West, LLC, ("1100 West") in Evansville, Indiana. The property is adjacent to a paint and varnish manufacturing facility owned by Red Spot; 1100 West alleges that the contaminating chemicals migrated from Red Spot's property to its property. Red Spot denies that it is responsible for the contamination and denies that it ever used one of the chemicals–trichloroethylene ("TCE") in its facility on the property.

At issue in the instant motion is whether 1100 West should be permitted to conduct discovery –and specifically question deponent Troy Oliver–regarding activities and alleged contamination at a Red Spot facility in Westland, Michigan. 1100 West believes such discovery is relevant because "the Westland and Evansville Facilities share numerous common, and highly relevant, facts which warrant further discovery." 1100 West's Brief at 1 n. 1. Specifically, 1100 West makes the following allegations:

1. Documents from the Michigan Department of Environmental Quality ("MDEQ") indicate that an anonymous source reported that a spill occurred at the Westland facility in 1992; this contradicts testimony that Red Spot did not cause any contamination at the Westland facility, and the fact that it was not reported by Red Spot further calls into question Red Spot's credibility;

2. There is severe contamination at the Westland facility consisting of TCE and other chemicals that also are found at the Evansville facility and on 1100 West's property, and the Westland facility has been used solely as a paint and coating facility since 1973, first by another company and then by Red Spot, so that proves that those chemicals are used in that industry;

3. Documents filed with the MDEQ indicate the presence of a 3,000 gallon storage tank containing TCE at the Westland facility, contradicting the testimony of Troy Oliver, Red Spot's witness, that Red Spot did not use TCE at any of its facilities;

4. Red Spot was cited for improper handling of hazardous waste at the Westland facility in 1995 and 2001, and was similarly cited with regard to the Evansville facility in 1996, demonstrating a "pattern" that is "relevant to Red Spot's credibility and overall practice of mishandling hazardous wastes in its paint manufacturing business." *Id.* at 7;

5. Red Spot has delayed cleaning up the Westland site for 12 years, demonstrating "its corporate culture of delay and concealing environmental contamination from regulators and its neighboring property owners." *Id.* at 8;

6. The type of sampling recommended by Red Spot's environmental consultant is nearly identical at both the Westland and Evansville facilities.

In essence, 1100 West argues that it has evidence that Red Spot contaminated its Westland facility with TCE and other chemicals and that, because Red Spot "admits following similar handling, usage and disposal practices and producing similar products at the two facilities," *id.* at 4, if Red Spot used TCE and caused contamination in Westland it must also have done so in Evansville. Under the liberal discovery rules of the Federal Rules of Civil Procedure,1100 West argues, it is entitled to conduct discovery into events and circumstances at the Westland facility, because "[h]ow Red Spot conducted its affairs at each plant in the fact of hazardous chemical releases, investigation and cleanup is relevant to Red Spot's character and credibility at trial" and "[t]he presence of similar chemicals from similar operations is relevant to Red Spot's denial that it has caused or allowed releases to occur." *Id.* at 11.

The problem with 1100 West's argument is that it ignores the fact that Red Spot disputes virtually all of the allegations upon which 1100 West rests its relevancy argument and the "evidence" cited to by 1100 West to support its allegations is far from conclusive.[1] Therefore, while the Court cannot say that the discovery 1100 West seeks is entirely irrelevant, any potential benefit to 1100 West would be far outweighed by the fact that the issues in this case–at least as to liability–essentially would be doubled by adding the Westland facility into the mix, inasmuch as the issue of where the contamination came from in Evansville is highly contested, and it appears to be no less contested with regard to the Westland facility. Further, as Red Spot points out, the environmental testing and other discovery being performed in Evansville will

---

[1] For example, Red Spot points out that the anonymous complaint regarding a spill was resolved by MDEQ with no further action once Red Spot explained that the spill in question was contained on blacktop and that the "evidence" cited by 1100 West regarding the use of TCE is consistent with Red Spot's claim that its predecessor at the Westland facility, not Red Spot, used it.

provide the best evidence of what occurred in Evansville; therefore, it is unnecessary to add to the mix speculation regarding whether and to what extent events at the Westland facility–once the trier of fact determines what those events actually were–tend to prove anything about what occurred in Evansville. Therefore, it is not appropriate to expand the scope of discovery in this case to include the Westland facility, and the motion for protective order is **GRANTED**.

SO ORDERED: 11/07/2006

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Thomas A. Barnard
SOMMER BARNARD ATTORNEYS, PC
tbarnard@sommerbarnard.com,amichalic@sommerbarnard.com

Amy L. Cueller
BOSE MCKINNEY & EVANS, LLP
acueller@boselaw.com,rjones@boselaw.com

David Joseph Tipton
SOMMER BARNARD ATTORNEYS, PC
dtipton@sommerbarnard.com

Richard S. VanRheenen
BOSE MCKINNEY & EVANS, LLP
rvanrheenen@boselaw.com,vroberts@boselaw.com,mmulligan@boselaw.com

Todd A. Weaver
SOMMER BARNARD ATTORNEYS, PC
tweaver@sommerbarnard.com,kmickel@sommerbarnard.com