UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| 1100 West, LLC, | ) |
| | ) |
|   Plaintiff/Counterdefendant, | ) |
| | ) |
|   vs. | )  CAUSE NO.  1:05-cv-1670-LJM-WTL |
| | ) |
| RED SPOT PAINT AND VARNISH CO., INC., | ) |
| | ) |
|   Defendant/Counterclaimant. | ) |

### ENTRY ON MOTION TO COMPEL VISUAL SITE INSPECTION AND MOTION TO COMPEL ENTRY UPON LAND

This cause is before the Magistrate Judge on Plaintiff's Motion to Compel Visual Site Inspection (docket no. 138) and the Defendant's Motion to Compel Entry upon Land, and for Entry Sooner Than Thirty Days from Date of Request for Entry (docket no. 139).  Both motions have been briefed in an expedited manner by the parties, and the Magistrate Judge, being duly advised, resolves the motions as set forth below.

In its motion, the Plaintiff seeks permission for its counsel and its expert witness to conduct a visual inspection of the Defendant's facility.  A similar visual inspection of the Plaintiff's facility was conducted by the Defendant and its experts by informal agreement of the parties, but the Defendant is now inexplicably balking at extending the Plaintiff the same courtesy, arguing that the motion should be denied because the Plaintiff did not serve a formal Rule 34 request.  This objection by the Defendant is overruled.

The Defendant also objects to the scope of the Plaintiff's requested inspection.  The Defendant agrees that it is appropriate for the Plaintiff's expert to view the areas in which samples were taken, but argues that the Plaintiff's request to view all of its facilities (other than office and administrative areas) so that its expert can observe "areas of operations that are likely

to add support to her opinions" regarding the Defendant's release of chemicals on the property is inappropriate because the expert already has submitted her report, which is supposed to contain a complete statement of her opinions and the basis for them.  However, an expert report is subject to being supplemented, *see* Federal Rule of Civil Procedure 26(e)(1), and if the Plaintiff's expert believes she can glean relevant information from an unobtrusive visual inspection of the Defendant's facilities, the Magistrate Judge sees no reason to prohibit it.

In the alternative, the Defendant argues that certain measures should be taken to protect the Defendant's confidentiality interests, limit disruption to its operations, and ensure the safety of all involved.  The Plaintiff does not object to these measures.  Accordingly, the Plaintiff's motion is **GRANTED** as follows:

1. Plaintiff's attorneys, along with their expert witness, Ellen Crane, and John Shamo may make a visual inspection of the Defendant's Evansville facility, except the office and administrative areas.  All of the participants shall observe all reasonable safety measures, including wearing necessary safety equipment.

2. The date of the inspection shall be arranged in advance and shall take place after 4 p.m., subject to returning on another day should available light preclude completion of the visual inspection.

3. No photographs shall be taken.

4. The information obtained from the inspection shall be used for purposes of this litigation only and shall be subject to the terms of the confidentiality agreement in place in this case.

In its motion, the Defendant seeks to enter the Plaintiff's property to bore one 2"

diameter hole to take soil samples to test the carbon content of the soil in order to determine how quickly the TCE on the property is migrating.  The Defendant has performed other sampling on the property, but has not previously tested the carbon content; it desires to do so now in response to certain opinions expressed by the Plaintiff's expert witness in her report; specifically, that the TCE on the property renders portions of it unusable and threatens nearby drinking water wells.

The Plaintiff objects to the Defendant's motion on the ground that the Defendant has already had the opportunity to conduct sampling and could have tested the carbon content at that time.  The Plaintiff also argues that permitting the sampling the Defendant requests likely will lead to additional follow-up sampling and could lead to delaying the trial.

The discovery period has not yet closed, and the Plaintiff does not claim that it will be unduly burdensome for the Defendant to bore one additional hole for sampling.  The Magistrate Judge shares the Plaintiff's concern regarding the expansion of discovery in this case; however, that concern is best addressed by limiting (or prohibiting) additional sampling after the discovery deadline.  Accordingly, the Defendant's motion is **GRANTED**.

SO ORDERED:  4/5/07

_____
Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification