UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| 1100 WEST, LLC, ) | |
| ) | |
|    Plaintiff/Counterdefendant, ) | |
| ) | |
|    vs. ) | CAUSE NO. 1:05-cv-1670-LJM-WTL |
| ) | |
| RED SPOT PAINT AND VARNISH CO., INC., ) | |
| ) | |
|    Defendant/Counterclaimant. ) | |

### ENTRY ON MOTION FOR PROTECTIVE ORDER

This cause is before the Magistrate Judge on the motion for protective order filed by the Plaintiff (docket #146). The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion to the extent and for the reasons set forth below.

At issue in the Plaintiff's motion is the Defendant's Rule 30(b)(6) deposition notice directed toward the Plaintiff. The Plaintiff's first objection to the notice is that the Defendant already has deposed the two principals of the Plaintiff corporation, whose testimony is binding on the corporation, and therefore it should not be permitted to depose the corporation as well, something the Plaintiff argues would simply be another bite of the apple. This argument is easily disposed of; the Defendant is entitled to depose the Plaintiff, and the fact that one (or perhaps both) of the principals will have to sit for two depositions in this case is simply a cost of using the corporate form to do business.

The Plaintiff also objects to each of the topics contained in the notice for various reasons. First, it argues that topics 11 (as revised, Plaintiff's RCRA claim and "purported role as a private attorney general"), 13 (all documents produced in response to the Defendant's initial document request), and 14 (all documents produced in response to the Defendant's supplemental document request) are overly broad. The Magistrate Judge agrees that topic 11,even as revised, is overly

broad and sustains that objection. However, in light of the relatively small number of documents encompassed by requests 13 and 14, the Magistrate Judge does not find those topics to be objectionable on their face, and the Plaintiff has not given any examples of documents about which it should not be required to testify; accordingly, that objection is overruled. So, too, is the Plaintiff's objection that it should not have to testify regarding the terms of certain documents (topics 1, 2, 4, 5, 10, and 12) because those documents have been or can be provided to the Defendant; there is nothing improper about deposing a party about relevant facts, even if the facts in question ostensibly may be gleaned from documents.

The Plaintiff next objects to several of the topics because they contain the phrase "including, but not limited to." The Defendant is correct that the phrase as used in the topics in question does not improperly expand or make ambiguous the subject matter of the topic, but rather illustrates by example the type of information the Defendant seeks. The Plaintiff's objection is therefore overruled.

The Plaintiff next objects to topic 8 on the ground that it seeks information that relates to a non-party. The Magistrate Judge agrees that the Plaintiff is not required to prepare a witness to testify regarding this topic; however, to the extent that the Plaintiff has produced documents that relate to the topic, the Defendant may depose it regarding its knowledge of those documents and their contents.

Finally, the Plaintiff objects to topic 16, which relates to information provided to and communications with the Plaintiff's expert witness. The Plaintiff objects that such testimony likely would invade the attorney work product privilege, and while that argument certainly has merit, there may be questions that the Defendant could ask that would not implicate the privilege. Accordingly, the Magistrate Judge will not sustain the objection at this time, but cautions the Defendant to consider carefully its questions in order to avoid wasting time asking questions to

which the response will properly be a privilege objection and/or questions that are more appropriately asked of the expert himself.

    SO ORDERED:  04/24/2007

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Thomas A. Barnard
SOMMER BARNARD ATTORNEYS, PC
tbarnard@sommerbarnard.com

Amy L. Cueller
BOSE MCKINNEY & EVANS, LLP
acueller@boselaw.com

Richard A. Kempf
SOMMER BARNARD ATTORNEYS, PC
rkempf@sommerbarnard.com

David Joseph Tipton
SOMMER BARNARD ATTORNEYS, PC
dtipton@sommerbarnard.com

Richard S. VanRheenen
BOSE MCKINNEY & EVANS, LLP
rvanrheenen@boselaw.com

Todd A. Weaver
SOMMER BARNARD ATTORNEYS, PC
tweaver@sommerbarnard.com