UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| 1100 WEST, LLC, | ) | |
|     Plaintiff/Counter Defendant, | ) | |
| | ) | |
|   v. | ) | 1:05-cv-1670-LJM-WTL |
| | ) | |
| RED SPOT PAINT & VARNISH CO., INC., | ) | |
|     Defendant/Counter Plaintiff. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, 1100 West, LLC ("1100 West"), filed this action pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), for injunctive relief against defendant, Red Spot Paint and Varnish Co., Inc. ("Red Spot").  This matter comes before the Court on Red Spot's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), for lack of standing.

For the following reasons, the Court **DENIES** Red Spot's Motion to Dismiss.

## I.  BACKGROUND

1100 West is a limited liability company formed by John F. Rogers, II ("Rogers") and Jerry L. Fruth ("Fruth").  Third Fruth Aff. ¶¶ 2, 5.  Rogers and Fruth have conducted business together through various business entities since 1988.  Fruth Aff. ¶ 4.  In 1990, Rogers and Fruth, as sole partners, formed Pennsylvania Place Partnership ("Pennsylvania Place").  *Id.* ¶ 7.  Pennsylvania Place was disbanded sometime after 1999.  Fruth Dep. at 121.  Pennsylvania Place functioned primarily as a commercial real estate development company.  Fruth stated in his affidavit that "Pennsylvania Place was in the business of purchasing older industrial sites, selectively demolishing

certain structures on the sites, and reconstructing or reutilizing existing structures on the sites for lease or resale." Third Fruth Aff. ¶ 6.  In 1999, Pennsylvania Place was converted into 1100 West. Furth described 1100 West as a limited liability company in the business of "purchasing older industrial sites, selectively demolishing certain structures on the sites, and reconstructing or reutilizing existing structures on the sites for lease or resale." *Id*. ¶ 7.  Due to an inadvertent oversight, the legal title of the seven acre parcel of land owned by Pennsylvania Place was not transferred to 1100 West at the time of Pennsylvania Place's conversion to 1100 West.  Rogers Aff. ¶ 7; Fruth Aff. ¶ 7; Rogers Aff. Ex. 4, 1100 West Operating Agreement, Property Description ¶ 4.

## II.  SUBJECT MATTER JURISDICTION STANDARDS

### A.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

If a district court lacks subject matter jurisdiction over an action, then dismissal is mandated by Rule 12(b)(1).  "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998).  On a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, "'courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Access 4 All, Inc. v. Chi. Grande, Inc.*, No. 06 C 5250, 2007 WL 1438167, at *3 (N.D. Ill. May 10, 2007) (quoting *Sanner v. Bd. of Trade*, 62 F.3d 918, 925 (7th Cir. 1995).  The nonmovant bears the burden of establishing jurisdiction by competent proof where the movant provides evidentiary materials in support of its factual averments. *See Mann v. Hanil Bank*, 900 F. Supp. 1077, 1082 (E.D. Wis. 1995); *see also Krizan v. Apfel*, 35 F. Supp. 2d 672, 676 (N.D. Ind. 1999) (explaining the plaintiff, the nonmovant in the case, must establish

2

competent proof of jurisdiction).   "The Seventh Circuit has interpreted 'competent proof' as

'requiring a showing by a preponderance of the evidence, or proof to a reasonable probability, that

standing exists.'"  *Access 4 All, Inc.*, 2007 WL 1438167 at *3 (quoting *Retired Chi. Police Ass'n v.

City of Chicago*, 76 F.3d 856, 862 (7th Cir. 2003)).


### B.  SUBJECT MATTER JURISDICTION UNDER RCRA

1100 West alleges standing to bring its citizen suit under RCRA, 42 U.S.C. § 6972(a)(1)(B).

This RCRA citizen suit provision states:

> [A]ny person may commence a civil action on his own behalf  -
>
> * * *
>
> (B)  against  any  person, . . . ,  to  the  extent  permitted  by  the  eleventh
> amendment to the Constitution, . . . , who has contributed to or who is contributing
> to the past or present handling, storage, treatment, transportation, or disposal of any
> solid  or  hazardous  waste  which  may  present  an  imminent  and  substantial
> endangerment to health or the environment . . . .

42 U.S.C.A. § 6972.  The statutory language "any person"  permits enforcement by every man and

woman.  *See Bennett v. Spear*, 520 U.S. 154, 166 (1997).

To satisfy Article III, § 1 ("Article III"), case-or-controversy standing, a plaintiff must have

an "injury in fact" caused by the conduct underlying the litigation.  *See Lujan v. Defenders of

Wildlife*, 504 U.S. 555, 560 (1992).  In addition, there must be redressability.  *See Simon v. E. Ky.

Welfare Rights Org.*, 426 U.S. 26, 45-46 (1976).

Under RCRA, a citizen suit can only be brought if neither the Environmental Protection

Agency ("EPA") nor  the State has commenced prosecution of a separate enforcement action under

RCRA or the Comprehensive Environmental Response Compensation and Liability Act of 1980

("CERCLA"), and if neither entity is diligently cleaning up a site under RCRA or CERCLA.  *See*

*Spillane v. Commonwealth Edison Co.*, 291 F. Supp. 2d 728, 734 n.2 (N.D. Ill. 2003) (citing 42

U.S.C. §§ 6972(b)(1)(2)(A)-(C)).

> When a citizen suit is brought pursuant to § 6972(a)(1)(B), the District Court has jurisdiction: "[1] to restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in paragraph (1)(B); [2] to order such a person to take such action as may be necessary; or [3] both . . . ."

*Avondale Fed. Sav. Bank v. Amoco Oil Co.*, 997 F. Supp. 1073, 1076 (N.D. Ill. 1998) (quoting 42

U.S.C. § 6972(a)) (alteration by *Avondale* court).


## III.  DISCUSSION

### A.  THIS COURT'S SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331 AND RCRA, 42 U.S.C. § 6972

"The district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A citizen suit pursuant to

RCRA, 42 U.S.C. § 6972(a)(1)(B), is such a federal question conveying exclusive original

jurisdiction to "the district court in which the alleged violation occurred or the alleged endangerment

may occur."  42 U.S.C. § 6972(a)(2).


### B.  1100 WEST HAS STANDING TO BRING ITS RCRA CLAIMS

1100 West has operated and managed the seven acre parcel at issue since 1999.  Through an

inadvertent oversight, the legal title to the parcel was not conveyed in 1999 when Pennsylvania Place

was converted to 1100 West.  The fact that 1100 West did not hold legal title to the seven acre parcel

at the commencement of its action does not negate its alleged injury in fact.   1100 West has sufficiently provided the Court with competent proof of alleged actual injury, causation, as well as redressability.

### 1. Legal Title is Not Necessary in a Citizen Suit Pursuant to RCRA

1100 West filed this action as a citizen suit pursuant to RCRA, 42 U.S.C. § 6972(a)(1)(B). The statutory language of RCRA provides that "any person . . . , to the extent permitted by the [E]leventh [A]mendment of the Constitution" may commence a civil action.   42 U.S.C. § 6072(a)(1)(B).  Red Spot incorrectly, and without legal authority, posits that 1100 West's claims against Red Spot must fail absent legal title to the property.   This Court cannot find language anywhere in 42 U.S.C. § 6072 that, even with the most generous interpretation, would support the position that a plaintiff must own the property in order to have standing to bring a citizen suit pursuant to RCRA, 42 U.S.C. § 6072(a)(1)(B).  Rather, RCRA authorizes private parties to bring suit "'[1] to restrain any person who has contributed to or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in paragraph (1)(B); [2] to order such a person to take such action as may be necessary ; or [3] both . . . .'" *Avondale Fed. Sav. Bank*, 997 F. Supp. at 1076 (quoting 42 U.S.C. § 6972(a)).

Other than the requirements of Article III standing and the restrictions of the Eleventh Amendment to the United States Constitution, the only jurisdictional limitations are those imposed when a state or agency has already taken action through either the commencement of prosecution or the diligent clean-up of the site at issue.  Thus, legal ownership of the contaminated site at issue is not necessary to bring a citizen suit pursuant to RCRA, 42 U.S.C. § 6972.  Therefore, the fact that

5

1100 West did not hold legal title to the seven acre parcel at the commencement of its action is not, alone, sufficient for the determination of whether there is an alleged injury in fact.

### 2.  1100 West Meets the Case-or-Controversy Requirements of Article III

As stated above, "the 'irreducible constitutional minimum of standing' contains three requirements." *Citizens for a Better Env't v. Caterpillar, Inc.*, 30 F. Supp. 2d 1053, 1060 (C.D. Ill. 1998) (quoting *Lujan*, 504 U.S. at 560). Here, then, 1100 West must allege concrete and actual or imminent harm, i.e "injury in fact." *Id.* "The injury in fact element of standing 'requires more than injury to a cognizable interest. It requires that the party seeking review be himself among the injured.'" *Lujan*, 504 U.S. at 563. The Seventh Circuit finds "even a small probability of injury is sufficient to create a case or controversy—to take a suit out of the category of hypothetical—provided of course that the relief sought would, if granted reduce the probability [of injury]." *Village of Elk Grove v. Evans*, 997 F.2d 328, 329 (7th Cir. 1993). 1100 West has sufficiently alleged "injury in fact." Specifically, 1100 West claims that Red Spot contaminated the seven acre parcel of land at issue and thus, "injured 1100 West's business by preventing reconstruction and sale of a warehouse on the Property." Further, 1100 West's Complaint provides "a fairly traceable connection between [its] injury and the complained of conduct of [Red Spot]," which satisfies the causation requirement. *Citizens for a Better Env't*, 30 F. Supp. 2d at 1060. Finally, 1100 West has shown "a likelihood that the requested relief will redress the alleged injury." *Id.*

Thus, because legal title is not necessary to commence an action pursuant to RCRA 42 U.S.C. § 6972, and because the basic tenants of justiciability are met, 1100 West has standing to bring its citizen suit pursuant to RCRA, 42 U.S.C. § 6972(a)(1)(B).

## C.  RED SPOT HAS NOT BEEN PREJUDICED WITH RESPECT TO POTENTIAL CLAIMS RELATED TO THE SUBJECT PROPERTY

Although 1100 West did not hold legal title to the property at the onset of this action, 1100 West has functioned as the owner of the property since 1999.  Due to an inadvertent oversight, there was no deed formally conveying legal title from Pennsylvania Place to 1100 West.  1100 West provided documentation showing its management of the property including paying property taxes and insurance as well as leasing the property and collecting rent from lessees.  Pl.'s Exs. 1-3, 10A, 12B-D, 14.  The representations of ownership by 1100 West prior to the transfer of legal title have not resulted in prejudice to Red Spot.

## IV.  CONCLUSION

For the reasons stated herein, Defendant's, Red Spot Paint and Varnish Co., Inc., Motion to Dismiss is **DENIED**.

IT IS SO ORDERED this 15th day of October, 2007.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

7

Electronically distributed to:

Thomas A. Barnard
SOMMER BARNARD ATTORNEYS, PC
tbarnard@sommerbarnard.com

Lewis Daniel Beckwith
BAKER & DANIELS
lew.beckwith@bakerd.com

Robert Ballard Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Amy L. Cueller
BOSE MCKINNEY & EVANS, LLP
acueller@boselaw.com

Beth S. Gotthelf
BUTZEL LONG
gotthelf@butzel.com

James Patrick Hanlon
BAKER & DANIELS
jphanlon@bakerd.com

Richard A. Kempf
SOMMER BARNARD ATTORNEYS, PC
rkempf@sommerbarnard.com

Patrick Michael Miller
DREWRY SIMMONS VORNEHM, LLP
pmiller@drewrysimmons.com

Janet Halline Nelson
BOSE MCKINNEY & EVANS, LLP
jnelson@boselaw.com

Peter Jon Prettyman
SOMMER BARNARD ATTORNEYS, PC
pprettyman@sommerbarnard.com

David Joseph Tipton
SOMMER BARNARD ATTORNEYS, PC
dtipton@sommerbarnard.com

Richard S. VanRheenen
BOSE MCKINNEY & EVANS, LLP
rvanrheenen@boselaw.com

Todd A. Weaver
SOMMER BARNARD ATTORNEYS, PC
tweaver@sommerbarnard.com