# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| 1100 West, LLC, | ) |
| | ) |
|    Plaintiff/Counterdefendant, | ) |
| | ) |
|      vs. | )   CAUSE NO.  1:05-cv-1670-LJM-WTL |
| | ) |
| RED SPOT PAINT AND VARNISH CO., INC., | ) |
| | ) |
|    Defendant/Counterclaimant. | ) |

## ENTRY ON MOTION TO COMPEL

This cause is before the Magistrate Judge on the motion to compel filed by

Plaintiff/Counterdefendant 1100 West, LLC ("1100 West").  The motion is fully briefed, and the

Magistrate Judge, being duly advised, **DENIES** the motion for the reasons set forth below.

At issue in the motion to compel is a subpoena served by 1100 West on non-party Troy

Oliver in which it seeks the following:

1. Any and all documents and communications pertaining to any business, work, employment, or fiduciary relationship between the following entities:

   a) Oliver Technologies
   b) Oliver Technologies, LLC
   c) Oliver Technologies, Inc.
   d) Imagineering Enterprises, LLC
   m)[1] Troy L. Oliver

2. Any and all documents and communications pertaining to any business, work, employment, or fiduciary relationship you have had with the following entities, for the period January 1, 1998, to the present. Such documents are to include, but are not limited to, bids, contracts, agreements, invoices provided or received, payments made, payments received (other than your salary at Red Spot for the period of your personal employment which terminated in 2000), correspondence, memorandums, letters, notes, and emails:

   a) ECEC, Inc.
   b) Environmental Consulting and Engineering Company, Inc.

---

[1]The original subpoena included additional entities but has since been narrowed by 1100 West, hence the gaps in the lists of requested information as set forth in this Entry.

        c) Timothy Boisture
        e) Subcon, LLC
        h) Donald Veatch
        i) MJM
        m) Flatrock
        n) Dennie Grider
        q) Bi-State Pipe
        s) Red Spot Westland, Inc.
        t) Red Spot International, Inc.
        u) Mays/Red Spot Coatings, LLC
        v) Red Spot Paint and Varnish.

Mr. Oliver is an important witness in this case, having served as the environmental manager for

Defendant/Counterclaimant Red Spot Paint and Varnish Co., Inc. ("Red Spot") during a time

period that is relevant to this case. As the Magistrate Judge already has recognized, Mr. Oliver's

credibility is relevant to this case, and the Magistrate Judge already has permitted some limited

discovery relating to that issue. Specifically, Mr. Oliver, after being granted immunity, testified

before the grand jury and at the trial of his friend and business associate, Timothy Boisture, and the

Magistrate Judge has previously ruled that 1100 West is entitled to limited, but not unfettered,

discovery regarding Mr. Oliver's involvement in the events leading to Mr. Boisture's indictment

and conviction. To that end, 1100 West has obtained the documents that Mr. Oliver produced to

the United States Attorney in conjunction with his testimony in the Boisture case, and Mr. Oliver

has agreed to be deposed regarding his relationship with Mr. Boisture.

     Not satisfied with this limited discovery, 1100 West now asserts that it has reason to

believe that Mr. Oliver and Mr. Boisture used some or all of the entities listed in the narrowed

subpoena for money laundering purposes or for the payment of illegal kickbacks. Thus, it argues,

it is entitled to discovery regarding Mr. Oliver's dealings with the listed entities and individuals in

order to demonstrate that he has been involved in a series of illegal activities and is untrustworthy.

Despite 1100 West's insistence to the contrary, however, the Magistrate Judge's recognition that

Mr. Oliver's credibility is relevant does not equate to an endorsement of broad discovery regarding Mr. Oliver's business dealings simply because that discovery might uncover something that 1100 West can use to impeach Mr. Oliver.

As an initial matter, the Magistrate Judge notes that 1100 West espouses a general standard for discovery that is far too expansive.  Citing *Bowman v. Consolidated Rail Corp.*, 110 F.R.D. 525 (N.D. Ind. 1986), 1100 West asserts that "[i]nformation is relevant to discovery if there is any possibility that the information may be relevant to the subject matter of the action."  That clearly is not the correct standard for determining whether discovery is appropriate.  Rather, Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  In order to expand discovery to include "any matter relevant to the subject matter involved in the action," a showing of good cause must be made by the party seeking the discovery.  Further, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."  Thus, while the scope of permissible discovery remains broad, it is not as unlimited as 1100 West suggests.

With that framework in mind, the Magistrate Judge notes that 1100 West's subpoena is extremely broad.  It is important to remember that Mr. Oliver's business dealings are irrelevant to the issues in this case, except to the extent that those business dealings could be used to impugn his credibility.  However, the subpoena seeks all documents relating to Mr. Oliver's dealings with numerous entities and individuals, which, even assuming that some of the documents could be used for impeachment, undoubtedly also would include a multitude of irrelevant documents regarding legitimate business transactions.  Further, the assumption that some of the documents would be relevant to Mr. Oliver's credibility is just that–an assumption; 1100 West does not explain how it would use the documents it seeks to impeach Mr. Oliver.  Clearly, the documents themselves

3

would be inadmissible extrinsic evidence.  *See* Federal Rule of Evidence 608(b).  Even if all of

1100 West's allegations concerning Mr. Oliver's wrongdoing are factually correct, 1100 West has

not demonstrated that the documents it seeks are reasonably likely to lead to the discovery of

admissible evidence.  It is highly unlikely that the documents would unequivocally show illegal

activity; indeed, prosecutors typically spend substantial time and resources analyzing documents

and piecing them together into a case that they believe will convince a jury that money laundering

occurred.  Even if 1100 West were willing and able to devote those kinds of resources to Mr.

Oliver's documents and were able to convince the Court that its interpretation of their import was

correct, the biggest bang it could possibly get for its buck would be a few questions during Mr.

Oliver's cross-examination that he could either admit, deny, or refuse to answer on Fifth

Amendment grounds.  This would add very little, if anything, to the impeachment ammunition

1100 West already has, given Mr. Oliver's well-documented association with Mr. Boisture and his

previous testimony regarding his involvement in the events that led to Mr. Boisture's conviction.

1100 West's subpoena, even as narrowed, is overly broad and, at most, might possibly lead

to the discovery of cumulative impeachment evidence after substantial effort on the part of 1100

West and, in all likelihood, the Court.  Therefore, pursuant to Federal Rule of Civil Procedure

26(b)(2)(C), 1100 West's motion to compel is **DENIED**.  It is thus unnecessary to consider the

parties' arguments regarding whether Mr. Oliver is entitled to assert his Fifth Amendment rights

with regard to the requested documents.

SO ORDERED:  04/11/2008

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification