UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| 1100 WEST, LLC, | ) | |
|     Plaintiff/Counterdefendant, | ) | |
| | ) | |
|     vs. | ) | 1:05-cv-1670-LJM-JMS |
| | ) | |
| RED SPOT PAINT AND VARNISH CO., | ) | |
| INC., | ) | |
|     Defendant/Counterclaimant. | ) | |

**ORDER**

Plaintiff/counterdefendant, 1100 West, LLC, has filed deposition designations for witnesses who will appear by said deposition in the trial in this matter.  Defendant, Red Spot Paint & Varnish Co., Inc. ("Red Spot"), has filed objections thereto and has filed counter designations for each deposition.  In addition, each party has filed objections to the other's exhibit lists.  The Court makes some general findings, then turns to each objection on its merits.

In addition, the Court addresses several other motions pending before it.

**I.  RED SPOT'S GENERAL OBJECTION TO TESTIMONY & EXHIBITS RELATED TO ITS WESTLAND FACILITY**

Red Spot generally objects to admission of evidence and testimony regarding environmental contamination and/or remediation efforts at its facility in Westland, Michigan ("Westland"), pursuant to Federal Rules of Evidence 104, 401, 402, 403, and 404 ("Rules 104, 401, 402, 403, and 404").  Red Spot contends that there is nothing about the environmental contamination at Westland or its

1

handling of the contamination there that has any bearing on the issues in this case which focuses on alleged contamination by Red Spot in Evansville, Indiana, and its remediation efforts in Indiana. 1100 West asserts that similar contamination issues exist between the two facilities such that evidence of Red Spot's handling of the remediation effort at Westland is relevant to show Red Spot's tendency, as a corporation, to evade state efforts to force the company to remediate.  1100 West argues that this evidence is relevant to its entitlement to an injunction from this Court.  In addition, 1100 West contends that the existence of trichloroethylene ("TCE") in large quantities at Westland is further evidence that the amounts of TCE identified on Red Spot's property and on 1100 West's property in Evansville, Indiana, is more likely than not caused by a spill or contamination on Red Spot's property.

On the current record, the Court can only conclude that evidence of Red Spot's attitude toward voluntary remediation is an issue in this case.  There is nothing from which the Court can glean which documents proffered by 1100 West would shed light on that issue.  Moreover, on the current record, the Court cannot conclude that information about TCE contamination at Westland is in any way relevant to show that Red Spot's activities must have caused the TCE contamination on its own property or that of 1100 West.

Similarly, without more information and argument from the parties, the Court cannot rule on Red Spot's objections to the testimony of Mark Joneskku and Steven H. Paquette.  It appears to the Court that the testimony of these individuals is directed to Red Spot's activities at Westland, since both gentlemen worked at Red Spot's facility there.

For this reason, all of Red Spot's objections to documentary evidence related to Westland are **TAKEN UNDER ADVISEMENT**; however, Red Spot's objections to any Westland-related

exhibit that appears on its own exhibit list is **OVERRULED**. In addition, Red Spot's objections and counter designations to the depositions of Mark Jonesku and Steven H. Paquette are **TAKEN UNDER ADVISEMENT**. The parties shall be prepared to argue the relevancy of all of those documents and depositions at the Final Pre-Trial Conference scheduled for Thursday, October 9, at 8:30 a.m. Each party shall have ten (10) minutes to present their argument. Identification of specific documents relevant to each of the above-identified issues is expected.

### II.  RED SPOT'S GENERAL OBJECTION TO THE FIFTH AMENDMENT TESTIMONY OF TROY OLIVER ("OLIVER") & TIMOTHY BOISTURE ("BOISTURE") & TO DOCUMENTS RELATED TO BOISTURE'S CRIMINAL CONVICTION & OLIVER'S STATUS RELATIVE THERETO

In general, Red Spot objects to testimony and documentary evidence about the criminal activity of Boisture and Oliver's relationship to Boisture's criminal activity because it is irrelevant and/or inappropriate character evidence as to Red Spot pursuant to Rule 404. In addition, Red Spot asserts that such evidence is irrelevant, or its relevance is substantially outweighed by the danger of unfair prejudice. 1100 West asserts that Oliver's employment at Red Spot and his involvement in the activity that lead to Boisture's imprisonment for such activity is relevant to the truth and veracity of either Boisture's or Oliver's opinions or testimony as to other matters at issue in this case. In addition, 1100 West contends that Boisture's and Oliver's invocation of the Fifth Amendment in relation to questions related to Oliver's employment by Red Spot for environmental remediation matters is relevant to Red Spot's corporate philosophy to evade state efforts to force Red Spot to remediate.

The Court has concluded that evidence of Boisture's conviction for mail fraud and evidence that Oliver may have had knowledge of such activity, or was involved in such activity is relevant to the veracity of Boisture's and Oliver's testimony about any issue regarding the contamination at issue in this case or about Red Spot's attitude toward state efforts to force Red Spot to remediate. However, this does not mean that the Court will allow 1100 West to overwhelm the record at trial with needless pieces of information.  The only information that is necessary is that which has bearing on Boisture's or Oliver's ability to tell the truth.  At the Final Pre-Trial Conference, 1100 West shall have the opportunity to make a proffer about the exhibits related to this issue to which Red Spot objected and the Court has taken the matter under advisement, and Red Spot shall have an opportunity to respond.

With these statements in mind, the Court now turns to the specific objections proffered by the parties.

### III.  RED SPOT'S OBJECTIONS TO 1100 WEST'S REMAINING DEPOSITION DESIGNATIONS

#### A.  MAY 29, 2008, DEPOSITION OF OLIVER

| 1100 WEST'S DESIGNATION BY PAGE:LINES | COURT'S RULING |
|---|---|
| 24:23 to 25:13 | OVERRULED |
| 48:7 to 52:13 | OVERRULED |
| 73:2-18 | SUSTAINED |

## B.  MAY 16, 2007, DEPOSITION OF BOISTURE

| 1100 WEST'S DESIGNATION BY PAGE:LINES | COURT'S RULING |
|---|---|
| 7:3 to 9:21 | SUSTAINED as to 7:3 to 9:6; OVERRULED as to 9:7-21 |
| 33:7-16 | OVERRULED |
| 45:14-17 | OVERRULED |
| 47:9-13 | SUSTAINED |
| 48:15-19 | SUSTAINED |

## IV.  RED SPOT'S OBJECTIONS TO 1100 WEST'S TRIAL EXHIBITS

| 1100 WEST'S EXHIBIT | COURT'S RULING |
|---|---|
| 5 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 6 | SUSTAINED.  The Court will not admit, wholesale, the entire transcript of Boisture's criminal trial pursuant to Rule 403. |
| 9 through 11 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 12 | OVERRULED.  Oliver's veracity is an issue that has bearing on the issues in this case because he was employed by Red Spot as an environmental manager during a portion of the time at issue in this case. |
| 13 through 16 | UNDER ADVISEMENT until 1100 West makes an offer of proof that these documents are necessary to show the questionable veracity of Boisture's or Oliver's testimony about issues relevant to this case. |
| 17 | OVERRULED because it has the tendency to show Oliver's propensity for telling the truth. |
| 18 | OVERRULED because it has the tendency to show Oliver's propensity for telling the truth. |
| 23 | OVERRULED pursuant to Fed. Rs. Evid. 901 and 803(6). |

| 1100 WEST'S EXHIBIT | COURT'S RULING |
|---|---|
| 24 | OVERRULED pursuant to Fed. Rs. Evid. 901 and 803(6). |
| 43 | OVERRULED.  This exhibit is also on Red Spot's Exhibit List. |
| 46 | OVERRULED as not hearsay. |
| 47 | OVERRULED.  This exhibit is also on Red Spot's Exhibit List. |
| 52 | OVERRULED.  This exhibit was produced by Red Spot, is admissible under Fed. R. Evid. 803(8) as a public record, and was testified to by Red Spot's Fed. R. Civ. P. 30(b)(6) witness. |
| 62 | OVERRULED.  This exhibit is also on Red Spot's Exhibit List. |
| 83 | UNDER ADVISEMENT until Red Spot makes an argument that it is unable to pay for the relief 1000 West is asking for. |
| 84 | OVERRULED.  This exhibit was produced by Red Spot, and is admissible under Fed. R. Evid. 803(8) as a public record. |
| 88 | OVERRULED.  This exhibit is also on Red Spot's Exhibit List, was produced by Red Spot, is admissible under Fed. R. Evid. 803(8), and was testified to by Red Spot's Fed. R. Civ. P. 30(b)(6) witness. |
| 90, 92, 95, 96 | OVERRULED.  These exhibits were also on Red Spot's Exhibit List, were produced by Red Spot, are admissible under Fed. R. Evid. 803(8), and were testified to by Red Spot's Fed. R. Civ. P. 30(b)(6) witness. |
| 99 | OVERRULED.  This exhibit was produced by Red Spot and is admissible under Fed. R. Evid. 803(6), and was testified to by Red Spot's Fed. R. Civ. P. 30(b)(6) witness. |
| 100 | OVERRULED.  This exhibit is also on Red Spot's Exhibit List, was produced by Red Spot, is admissible under Fed. R. Evid. 803(8), and was testified to by Red Spot's Fed. R. Civ. P. 30(b)(6) witness. |
| 101 | OVERRULED.  This exhibit is also on Red Spot's Exhibit List, was produced by Red Spot and generated by a Red Spot employee, is admissible under Fed. R. Evid. 803(6), and was testified to by Red Spot's Fed. R. Civ. P. 30(b)(6) witness. |

| 1100 WEST'S EXHIBIT | COURT'S RULING |
| --- | --- |
| 102 | OVERRULED.  This exhibit was produced by Red Spot, is admissible under Fed. R. Evid. 803(8), and was testified to by Red Spot's Fed. R. Civ. P. 30(b)(6) witness. |
| 103 | OVERRULED.  This document was produced by Red Spot, and was generated by a Red Spot consultant in performance of its responsibilities under its arrangement with Red Spot. |
| 104 | SUSTAINED. |
| 117 through 126 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 127 | OVERRULED.  This document is on Red Spot's Exhibit List. |
| 128 through 130 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 131 | OVERRULED.  This document was produced by Red Spot and testified to by Red Spot's Fed. R. Civ. P. 30(b)(6) witness. |
| 132, 133, 135-37; 147-58 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 159 through 161 | OVERRULED.  These documents are also on Red Spot's Exhibit List. |
| 162 | OVERRULED.  This document is admissible pursuant to Fed. R. Evid. 803(8) and, assuming Red Spot intends to offer its Exhibit D-39, admissible pursuant to Fed. R. Evid. 106. |
| 191 | OVERRULED.  This document is admissible pursuant to Fed. Rs. Evid. 803(8) and 803(6). |
| 197-198 | OVERRULED.  These documents were generated by a Red Spot's agent, Oliver, in the course of his employment and have a tendency to show Red Spot's corporate philosophy on contamination issues. |
| 199 | MOOT as the exhibit has been WITHDRAWN. |
| 202 | OVERRULED.  This document is relevant to show Oliver's tendency to tell the truth. |
| 203 | OVERRULED.  This specific testimony is relevant to show Oliver's tendency to tell the truth. |

7

| 1100 WEST'S EXHIBIT | COURT'S RULING |
|---|---|
| 204 | OVERRULED.  This document is relevant to show Oliver's tendency to tell the truth. |
| 205 | SUSTAINED.  The Court will not admit, wholesale, the entire transcript of Boisture's criminal trial pursuant to Fed. R. Evid. 403. |
| 206 | OVERRULED.  This document is relevant to show Oliver's tendency to tell the truth. |
| 207 | OVERRULED.  This document is relevant to show Oliver's tendency to tell the truth. |
| 208 | SUSTAINED.  The Court will not admit, wholesale, the entire employment history file of Oliver pursuant to Fed. R. Evid. 403. |
| 209 | SUSTAINED.  There is no apparent relevance of Oliver's resume to the issues in this case, including his veracity. |
| 210 | SUSTAINED.  There is no apparent relevance of Oliver's employment interview to the issues in this case, including his veracity. |
| 211 | OVERRULED.  The fact that Oliver was appointed as Environmental Manager at Red Spot during a time frame relevant to the issues in this case is admissible. |
| 212 | OVERRULED.  The job description for Oliver's position while he was employed at Red Spot is relevant to the issues in this case. |
| 215 through 216 | OVERRULED.  These documents were generated by Oliver during his employment by Red Spot as its Environmental Manager and are admissible under Fed. R. Evid. 801(d)(2) or Fed. R. Evid. 803(6). |
| 220 | OVERRULED.  This exhibit is also on Red Spot's Exhibit List, was produced by Red Spot and generated by a Red Spot employee, is admissible under Fed. R. Evid. 803(6), and was testified to by Red Spot's Fed. R. Civ. P. 30(b)(6) witness.  However, if it is duplicative of 1100 West's Exhibit 101, it need not be admitted twice. |
| 221 through 222 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |

| 1100 WEST'S EXHIBIT | COURT'S RULING |
| --- | --- |
| 223 | OVERRULED.  This document is relevant to show Oliver's tendency to tell the truth, and to show Red Spot's acceptance of Oliver's viewpoint on his job vis-a-vis compliance and remediation efforts. |
| 224 through 229 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 239 | SUSTAINED.  The Court will not admit, wholesale, the entire employment history file of Oliver pursuant to Fed. R. Evid. 403. |
| 240 | SUSTAINED.  Redundant and/or irrelevant. |
| 241 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 247 | OVERRULED.  This document was Red Spot's admissions about the contamination at issue in this case. |
| 248 | MOOT as the exhibit has been WITHDRAWN. |
| 260 | SUSTAINED.  Admitted duplicate. |
| 310 through 311 | MOOT as the exhibit has been WITHDRAWN. |
| 325 through 326 | OVERRULED.  These exhibits are also on Red Spot's exhibit list and are not hearsay. |
| 340 | OVERRULED under Fed. Rs. Evid. 803(8) and 902(11). |
| 356 | MOOT as this exhibit has been WITHDRAWN. |
| 364 | SUSTAINED.  Dr. Keramida will be a witness at trial and is not a party. |
| 402 through 403 | SUSTAINED as duplicative. |
| 404 through 405 | OVERRULED.  These exhibits are not hearsay. |
| 406 though 408 | OVERRULED.  These exhibits are not hearsay. |
| 409 through 440 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 442 through 444 | OVERRULED.  These exhibits are also on Red Spot's Exhibit List. |

| 1100 WEST'S EXHIBIT | COURT'S RULING |
|---|---|
| 447 through 449, 451, 453 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 456 | MOOT as this exhibit has been WITHDRAWN. |
| 457 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 460 through 461 | OVERRULED.  These exhibits are also on Red Spot's Exhibit List. |
| 462 through 465 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 466 through 476 | UNDER ADVISEMENT until Red Spot makes an argument that it is unable to pay for the relief 1000 West is asking for. |
| 478 | OVERRULED.  This document was produced by Red Spot and is admissible under Fed. R. Evid. 803(8) or Fed. R. Evid. 803(6). |
| 480 | SUSTAINED.  Attorney statements during negotiations will not be admitted. |
| 485 through 488 | OVERRULED.  These documents were produced by Red Spot and are admissible under Fed. R. Evid. 803(8) or Fed. R. Evid. 803(6). |
| 489 | OVERRULED.  This document was produced by Red Spot and is admissible under Fed. R. Evid. 803(8) and may have a tendency to show that Red Spot's corporate policy vis-a-vis state attempts to force Red Spot to remediate. |
| 503 | SUSTAINED.  There is no apparent relevance to these documents from 1956, 1961, and 1964 to the issues in this case. |
| 506 through 507 | UNDER ADVISEMENT pending argument about admissibility of Westland evidence. |
| 508 through 509 | SUSTAINED.  The Court will not admit, wholesale, the entire employment history file of Oliver pursuant to Fed. R. Evid. 403. |
| 558 through 559 | OVERRULED.  This document is admissible under Fed. R. Evid. 803(8) and may have a tendency to show that Red Spot's corporate policy vis-a-vis state attempts to force Red Spot to remediate. |

| 1100 WEST'S EXHIBIT | COURT'S RULING |
|---|---|
| 560 through 562 | UNDER ADVISEMENT until 1100 West makes an offer to prove the relevance of these documents to an issue in the case. |
| 563 through 577 and 590 through 593 and 603 through 604 | OVERRULED.  These documents are admissible pursuant to Fed. R. of Evid. 803(8) and 902(4). |

## V. 1100 WEST'S OBJECTIONS TO RED SPOT'S EXHIBITS

| RED SPOT'S EXHIBIT | COURT'S RULING |
|---|---|
| D-26 through D-29 and D-34 through D-36 and D-44 | SUSTAINED.  However, depending upon Mr. Fruth's testimony at trial, the Court may allow Red Spot to use some of this evidence for impeachment purposes. |
| D-109 | OVERRULED. |
| D-246 through D-248 | UNDER ADVISEMENT pending Red Spot's offer to prove that the data contained on the documents is accurate despite the date in 2007 and data thereon from 2008. |
| D-249 through D-251 | SUSTAINED.  Conversations between lawyers will not be admitted. |

## VI. 1100 WEST'S MOTION TO STRIKE WITNESSES

1100 West has moved to strike the following witnesses from Red Spot's Second Amended Final Witness List:  Pam Baize, Thomas A. Barnard, Craig Brown, Jim Jansen, Kathleen G. Lucas, Pam Baize, Joe Schmitt, Greg Schwartz, Jason Swearingen, and Joe Ward.  Red Spot has indicated that it will not call Craig Brown, Joe Schmitt, and Jason Swearingen; therefore, 1100 West's motion is **MOOT** as to those witnesses.  After reviewing the parties' arguments, the Court concludes that

11

1100 West's Motion to Strike Witnesses (Doc. No. 397) should be: **GRANTED** with respect to witnesses Greg Schwartz because Red Spot failed to disclose him in a timely manner; **GRANTED** with respect to the testimony in Red Spot's case-in-chief for witnesses Jim Jansen and Joe Ward, but **DENIED** with respect to the testimony in Red Spot's rebuttal for witnesses Jim Jansen and Joe Ward; and **GRANTED** with respect to witnesses Thomas A. Barnard and Kathleen G. Lucas because these witnesses are lawyers for parties in this cause and Red Spot has not shown that the matters to which it would have these witnesses testify is not available from any other witnesses.

## VII.  1100 WEST'S MOTION TO STRIKE INAPPROPRIATE DISCLOSURE OF SETTLEMENT NEGOTIATIONS & MOTION TO EXCLUDE EVIDENCE OF SETTLEMENT NEGOTIATIONS

1100 West has moved to strike and to exclude evidence of settlement negotiations between the parties pursuant to Federal Rule of Evidence 408.  Red Spot argues that 1100 West's settlement demands are relevant to show that 1100 West is not acting in the public interest with respect to its citizen suit brought pursuant to the Resource Recovery and Conservation Act ("RCRA").  Moreover, Red Spot contends that 1100 West's motivations for bringing suit is relevant to the balance of equities.

The Court concludes that evidence of settlement negotiations between the parties in this case is not necessary to show 1100 West's motivations for bringing this suit.  The admissible evidence in this case is more than adequate for the fact finder to render an opinion on 1100 West's ability to act as a private attorney general and to weigh the equities without admitting 1100 West's settlement demands.  For this reason, 1100 West's Motion to Strike Disclosure of Settlement Negotiations & Motion to Exclude Evidence of Settlement Negotiations is **GRANTED**.

## VIII.  <u>1100 WEST'S MOTION FOR JUDICIAL NOTICE</u>

1100 West has moved the Court to take judicial notice of two facts pursuant to Federal Rule of Evidence 201, and 44 U.S.C. § 1507.  Specifically, 1100 West has asked that the Court take judicial notice that the United States Environmental Protection Agency ("USEPA") classified the chemical benzene as a "human carcinogen" in 50 Fed. Reg. 46880; and classified the chemicals benzene, ethylbenzene, napthalene, toluene and xylene as "hazardous substances" in 40 C.F.R. § 302.4.  The Court has concluded that the statements contained in 1100 West's proffer are accurate. Therefore, the Court will take judicial notice of the following for purposes of the trial in this matter:

1. The United States Environmental Protection Agency classified benzene as a "human carcinogen" in 50 Fed. Reg. 46880.

2. The United States Environmental Protection Agency classified benzene, ethylbenzene, napthalene, toluene, and xylene, as "hazardous substances" in 40 C.F.R. § 302.4.

## IX.  <u>1100 WEST'S MOTION FOR SANCTIONS</u>

In its Motion for Sanctions, 1100 West contends that under the doctrine of spoliation, the Court should draw an adverse inference that test results that Red Spot threw away contained information unfavorable to Red Spot.  During the September 8, 2008, Federal Rule of Federal Procedure 30(b)(6) ("Rule 30(b)(6)") deposition of Red Spot's representative and Manager of Environmental Safety, Susan Henry ("Henry"), 1100 West asked for Red Spot's records for its tests of containment water from the area below Red Spot's above-ground storage tanks.  Henry determined that Red Spot had the records from January 1, 2006, until the present; however, earlier test results had been discarded.  1100 West contends that the discarded documents would have been responsive to a document request dated in 2003; therefore, Red Spot had a duty to maintain those

13

records for litigation purposes as well as pursuant to local ordinance, which 1100 West asserts, requires retention of such tests for three years. These documents, 1100 West states, were also ordered to be produced in August 2008. For these reasons, 1100 West argues that the Court should sanction Red Spot for both withholding the data and for destroying years worth of data that was responsive to discovery requests.

Red Spot asserts that the containment water sampling data is not "environmental data" and is not responsive to 1100 West's discovery requests. In addition, the data is used to determine whether or not Red Spot can release the containment water to the city sewer, or if it must ship the water off-site for disposal. Henry, Sept. 3, 2008, Dep. at 162-63, 168-70; Henry Aff. ¶ 15. Red Spot has never considered the gas chromatograph ("GC") tests it performs on the containment water to be "environmental tests" because the water is from a concrete containment dike and never touches the soil or groundwater. Henry Aff. ¶ 17. In addition, no expert from either side has ever asked to sample the containment water. Therefore, Red Spot argues that its definition of "environmental data" is reasonable. Furthermore, Red Spot asserts that, at least since 2000, test results on the containment water have never shown any level of contamination. Henry, Sept. 3, 2008, Dep. at 161, 163. Lastly, Red Spot argues, that it did not destroy any data in bad faith because it reasonably concluded that these tests were not "environmental tests" as the parties and their experts had been using the term.

Having read the arguments of the parties and the documents provided by each, the Court concludes that 1100 West's Motion for Sanctions should be **DENIED**. From the evidence presented, the Court cannot agree with 1100 West that Red Spot acted in bad faith when it followed its usual procedure with respect to the containment water samples. Such samples have never been included

14

by either party or their experts in their analysis of the potential contamination on the Red Spot property.  As a result, it is difficult to see how 1100 West has been prejudiced by Red Spot's failure to provide the results until September.  Moreover, there is no evidence connecting the containment water results to the contamination at the Red Spot property.  Absent a finding of bad faith, there is no inference that production of the documents would have been unfavorable to Red Spot.  *See* *Coates v. Johnson & Johnson*, 756 F.2d 524, 551 (7th Cir. 1985).

For these reasons, 1100 West's Motion for Sanction is **DENIED**.


## X.  <u>CONCLUSION</u>

For the reasons stated herein, the Court **SUSTAINS in part, OVERRULES in part, and TAKES UNDER ADVISEMENT in part** defendant/counterclaimant's, Red Spot Paint & Varnish Co., Inc., objections to plaintiff/counterdefendant's, 1100 West, LLC, deposition designations; **SUSTAINS in part, OVERRULES in part, and TAKES UNDER ADVISEMENT in part** defendant/counterclaimant's, Red Spot Paint & Varnish Co., Inc., objections to plaintiff/counterdefendant's, 1100 West, LLC, exhibit list; **SUSTAINS in part, OVERRULES in part, and TAKES UNDER ADVISEMENT in part** plaintiff/counterdefendant's, 1100 West, LLC, objections to defendant/counterclaimant's, Red Spot Paint & Varnish Co., Inc., exhibits; **MOOTS in part, GRANTS in part, and DENIES in part** plaintiff/counterdefendant's, 1100 West, LLC, Motion to Strike Witnesses from Red Spot's Second Amended Final List of Witnesses (Docket No. 397); **GRANTS** plaintiff/counterdefendant's, 1100 West, LLC, Motion to Strike Inappropriate Disclosure of Settlement Negotiations and Motion to Exclude Evidence of Settlement Negotiations (Docket No. 391); **GRANTS** plaintiff/counterdefendant's, 1100 West, LLC, Motion for Judicial

Notice (Docket No. 411); and **DENIES** plaintiff/counterdefendant's, 1100 West, LLC, Motion for

Sanctions (Docket No. 351).  <u>The parties shall be prepared to address the issues noted in this Order</u>

<u>at the</u> **<u>Final Pre-Trial Conference, which is hereby CONFIRMED for Thursday, October 9,</u>**

**<u>2008, at 8:30 a.m., in Courtroom 202</u>**, Birch Bayh Federal Building and United States Courthouse,

46 East Ohio Street, Indianapolis, Indiana.

      IT IS SO ORDERED this 8th day of October, 2008.

                LARRY J. McKINNEY, JUDGE
                United States District Court
                Southern District of Indiana

Distribution attached.

16

Electronically distributed to:

Thomas A. Barnard
TAFT STETTINIUS & HOLLISTER LLP
tbarnard@taftlaw.com

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@taftlaw.com

Lewis Daniel Beckwith
BAKER & DANIELS LLP
lew.beckwith@bakerd.com

Patrick Michael Miller
DREWRY SIMMONS VORNEHM, LLP
pmiller@drewrysimmons.com

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP
jcacioppo@taftlaw.com

Janet Halline Nelson
BOSE MCKINNEY & EVANS, LLP
jnelson@boselaw.com

Robert B. Clemens
BOSE MCKINNEY & EVANS, LLP
rclemens@boselaw.com

Peter Jon Prettyman
TAFT STETTINIUS & HOLLISTER LLP
pprettyman@taftlaw.com

Amy L. Cueller
BOSE MCKINNEY & EVANS, LLP
acueller@boselaw.com

Michael D. Rogers
BOSE MCKINNEY & EVANS, LLP
mrogers@boselaw.com

Beth S. Gotthelf
BUTZEL LONG
gotthelf@butzel.com

David Joseph Tipton
TAFT STETTINIUS & HOLLISTER LLP
dtipton@sommerbarnard.com

James Patrick Hanlon
BAKER & DANIELS LLP
jphanlon@bakerd.com

Richard S. VanRheenen
BOSE MCKINNEY & EVANS, LLP
rvanrheenen@boselaw.com