UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**1100 WEST, LLC,**

    *Plaintiff,*

    *v.*

**RED SPOT PAINT & VARNISH CO., INC.,**

    *Defendant*

Case No: 1:05-cv-1670-SEB-TAB

---

**PLAINTIFF 1100 WEST, LLC'S
REPLY IN SUPPORT OF
MOTION TO ENFORCE SETTLEMENT AGREEMENT
AND RESPONSE IN OPPOSITION TO
COLUMBIA STREET'S MOTION TO DISMISS**

---

Columbia Street argues at length that this Court cannot exercise its jurisdiction over 1100 West's Motion to Enforce Settlement Agreement because Columbia Street is not a party to the litigation, but it ignores that (a) it was created by and for the Settlement Agreement, and (b) it explicitly agreed to submit to this Court's jurisdiction. It cites no authority supporting its argument that discovery is not a proper part of a proceeding enforcing a settlement agreement. Furthermore, it advances a patently unreasonable interpretation of the Settlement Agreement with its claim that the only thing that matters is the Completion Certificate—ignoring the work that had to be completed for that certificate to be issued.

For all the reasons outlined in 1100 West's Memorandum of Law in Support of Motion to Enforce Settlement Agreement, 1100 West respectfully asks that this Court deny Columbia Street's motion to dismiss and order limited discovery to

enable 1100 West to determine whether Columbia Street has complied with its responsibilities under the Settlement Agreement.

## ARGUMENT

**1. This Court has jurisdiction to enforce the Settlement Agreement.**

    **1.1 All parties to the Settlement Agreement—including Columbia Street—agreed to submit to this Court's jurisdiction.**

Columbia Street makes much of the fact that it was not a party to the underlying litigation. It conveniently ignores two facts: (1) Columbia Street was an entity created as part of the Settlement Agreement;[1] and (2) Columbia Street explicitly agreed to the jurisdiction of this Court.

Charles Storms was the President and Chairman of the Red Spot Board and was later designated the Shareholders' Agent when Fujichem acquired Red Spot. Pursuant to the express terms of the Settlement Agreement, Storms created, and was the sole manager of, Columbia Street Holding Company, LLC. Columbia Street Holding Company, LLC, in turn, created, and was the sole member of, Columbia Street Partners, LLC.

Given the straight line from Red Spot to Columbia Street (via the Settlement Agreement), it is disingenuous to act as though Columbia Street is a stranger to this litigation. Furthermore, it cannot seriously be claimed that enforcement of the Settlement Agreement can be avoided by an entity created specifically by and for that same agreement. All the cases cited by Columbia Street in its effort to avoid enforcement of the agreement to which it was a signatory are readily distinguishable because none of those cases involve an entity that was created as part of the settlement agreement itself. *See Abbot Labs. v. CVS Pharmacy, Inc.*, 290 F.3d 854, 858

---

[1] Columbia Street accuses 1100 West of "obfuscat[ing]" the entity from which 1100 West seeks discovery. (Dkt. 710, p. 2.) Rather than obfuscation, 1100 West was endeavoring to maintain the confidentiality of the Settlement Agreement. Those concerns are resolved now that the Court has ordered the unsealing of the Settlement Agreement. [Dkt. 711.]

(7th Cir. 2002) (district court lacked jurisdiction over CVS Revco and CVS Corp. where the only entity still in the class at the time of settlement agreement was the wholly separate entity, CVS Pharmacy); *David A. Bovino P.C. v. MacMillan*, No. 12-cv-00551-PAB-KMT, 2015 WL 3903086, at *3 (D. Colo. June 24, 2015) (district court lacked jurisdiction over "Bovino and the MacMillans in their individual capacities" where "the settlement purports to be between Bovino, UBS, Kelly, and the MacMillans in a variety of additional capacities"); *Boyles v. Visteon Corp.*, No. 05-CV-0513-CVE-SAJ, 2007 WL 1723491, at *2 (N.D. Okla. June 13, 2007) (district court lacked jurisdiction over Ford where settlement agreement was between plaintiff and Visteon Corporation and Ford did not even sign the settlement agreement); *Private Capital Group, Inc. v. Dareus*, No. 2:13-CV-18 TS, 2016 WL 199636, at *2 (D. Utah Jan. 15, 2016) (district court lacked jurisdiction over Plaintiff's lenders where the lenders were not parties to the underlying litigation). Columbia Street has cited no authority for the proposition that the trial court lacks jurisdiction over an entity created by and for the Settlement Agreement itself.

Moreover, Columbia Street was a signatory to the Settlement Agreement. And as part of the Settlement Agreement, Columbia Street agreed to submit to this Court's jurisdiction:

> The Parties stipulate that any disputes arising from or relating to this 1100 West Settlement Agreement shall be brought before the Honorable Larry J. McKinney, United States District Court, Southern District of Indiana, or his successor, for interpretation and/or enforcement.

(Dkt. 698–3, p. 27.) Therefore, Columbia Street is estopped from arguing that this Court does not have jurisdiction to oversee the enforcement of the Settlement Agreement. *Cf. Bovino*, 2015 WL 3903086, at *3 (observing that the settlement agreement in that case "did not include any term by which the non-parties to this case consented to this Court's jurisdiction"); *Boyles*, 2007 WL 1723491, at *2 ("Plaintiff

has not cited any authority that would permit the Court to order Ford to do anything in reference to the settlement agreement, *unless of course, Ford signed the settlement agreement and agreed to submit to this Court's jurisdiction*.") (emphasis added).

Columbia Street was created as part of the Settlement Agreement, pursuant to which it explicitly agreed to submit to this Court's jurisdiction. Therefore, this Court may properly exercise jurisdiction over this matter and these parties.

**1.2 The Court does not have to have "eternal" jurisdiction to hear a dispute regarding a Settlement Agreement that ostensibly just reached completion mere months ago.**

Columbia Street's hyperbole notwithstanding, the Settlement Agreement has been an ongoing, living, breathing, working contract during all the years since its execution. The remedial work occurring under the Settlement Agreement allegedly just reached completion on October 26, 2020 (and 1100 West did not even learn of that ostensible fact until January 5, 2021).

The cases cited by Columbia Street in support of its amorphous argument that the district court does not retain "eternal" jurisdiction are readily distinguishable.[2] *White v. Adams*, No. 08-2801, 2009 WL 773877, at *1 (7th Cir. Mar. 25, 2009) (district court lacked jurisdiction to consider enforcement of settlement agreement where it explicitly surrendered jurisdiction on March 11, 2008, and motion to enforce was filed two months later); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1186–87 (7th Cir. 1985) (finding that district court cannot exercise jurisdiction over a settlement agreement *pursuant to FRCP 60(b)* because such authority could theoretically last forever and holding that "[i]f the parties want the district judge to retain jurisdiction they had better persuade him to do so" explicitly in the order of dismissal

---

2   Columbia Street cites *Kokkonen v. Guardian Life Insurance Co.* in support of its argument regarding jurisdiction, but in *Kokkonen* (unlike the instant case), the district court did *not* explicitly retain jurisdiction. 511 U.S. 375, 380–81 (1994). The Court even noted that "[t]he situation would be quite different" if the order of dismissal had included a provision retaining jurisdiction over the settlement agreement. *Id.* at 381.

rather than implicitly via Rule 60(b)); *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, No. 01 C 9389, 2013 WL 6224489, at *3 (N.D. Ill. Dec. 2, 2013) (district court declined to exercise jurisdiction where it had expressly retained jurisdiction for only one year and motion to enforce was filed more than seven years later); *Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 382–84 (D.N.J. 2011) (district court issued order of dismissal pursuant to settlement agreement and elected to retain jurisdiction for only 30 days where relevant provision of settlement agreement required Defendant to stop making, selling, and shipping a product because that obligated the Defendant to cease certain conduct "and to do so forever").

Columbia Street argues that this Court does not have "eternal" jurisdiction over the Settlement Agreement, but it fails to state when it would draw that line. In this case, given that the Settlement Agreement contemplated years of ongoing remediation work that had a finite end date, it is patently reasonable and permissible for this Court to exercise its jurisdiction over the matter. Columbia Street has offered no on-point authority to the contrary.

For all these reasons, this Court has jurisdiction over 1100 West's Motion to Enforce Settlement Agreement.

**2. Conducting discovery is a proper piece of an action to enforce a settlement agreement.**

Citing no authority in support of its position, Columbia Street baldly claims that this Court cannot exercise its jurisdiction to authorize 1100 West to conduct discovery. Columbia Street is wrong.[3] It claims that "conducting discovery to determine whether a non-party has breached a Settlement Agreement is far different

---

[3] Columbia Street sets up a straw man by claiming that it has never "attempted to repudiate or backout [sic] of the Settlement Agreement." (Dkt. 710, p. 4.) 1100 West is not making such an allegation, nor are those the only ways Columbia Street could have failed to fulfill its obligations under the Settlement Agreement.

Page | 5

from an enforcement action," (dkt. 710, p. 4), though it offers no authority in support of that claim.

*Kelly v. Wengler* is directly on point with the instant case. 979 F.Supp.2d 1237 (D. Idaho 2013), *aff'd on other grounds*, 822 F.3d 1085 (9th Cir. 2016). While Columbia Street makes a weak attempt to distinguish *Kelly* based on the fact that the defendant in that case conceded that it had violated the terms of the settlement agreement, that fact had no bearing on the *Kelly* Court's decision to order discovery. The court noted that the authority of a district court to resolve disputes regarding a settlement agreement—the *same* authority retained by this Court in this case—"would reasonably include discovery where necessary[.]" *Id.* at 1241. While the defendant had admitted to limited violations (which it claimed had been cured), the plaintiffs had evidence suggesting that more violations had occurred, and the court found that the plaintiffs were entitled to discovery "to examine whether there are more violations. Only then can the Court decide on the appropriate remedy." *Id.*

Here, likewise, 1100 West has evidence suggesting that Columbia Street has not complied with or achieved the remedial objectives incorporated within the Settlement Agreement. And Columbia Street continues to stonewall, refusing to provide the data needed to conduct a full analysis of the work that has been done. Under these circumstances, this Court has the authority, pursuant to its jurisdiction (to which Columbia Street has submitted) to resolve disputes under the Settlement Agreement, to order the limited discovery requested by 1100 West.

**3. Discovery is needed to determine whether Columbia Street has met the remedial objectives of the Settlement Agreement.**

Columbia Street claims that the mere act of issuing the TCE Completion Certificate is the end of the matter, full stop. Under Columbia Street's interpretation

of the Settlement Agreement, Columbia Street could have issued the TCE Completion Certificate the day after the agreement was executed and its obligation would have been fulfilled. Clearly, that is not a reasonable interpretation of the agreement. *E.g.*, *OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1315 (Ind. 1996) (contracts "must be read as a whole when trying to ascertain the parties' intent").

When the entire Settlement Agreement is reviewed, it is readily apparent that there is more to Columbia Street's obligations thereunder than the simple issuance of the TCE Completion Certificate. 1100 West agreed to release its claims on the condition that (among other things) Columbia Street would diligently perform and complete the remediation work pursuant to the John Connor Remedial Plan. Moreover, 1100 West explicitly retained its right to make demands based on "the failure by [Columbia Street] to implement the John Connor Remedial Plan." (Dkt. 698–3, p. 22–23.) The John Connor Remedial Plan—explicitly incorporated in the Settlement Agreement—contained remedial action objectives. (Dkt. 698–16, p. 5) Only if those objectives were achieved could the remediation work reasonably be deemed complete.

Given the history of obstructive behavior during this litigation (as well as the concerning data that 1100 West has in hand), 1100 West is not willing to take Columbia Street at its word (via the Completion Certificate) that the objectives have been achieved and the work is complete. Under these circumstances, 1100 West's request to take limited discovery is both eminently reasonable and permissible pursuant to the Settlement Agreement.

## CONCLUSION

This Court has jurisdiction over this matter, both because Columbia Street was created by and for the Settlement Agreement and because it explicitly agreed to submit to this Court's jurisdiction to resolve disputes under that agreement. 1100 West is not asking the Court to exercise "eternal" ancillary jurisdiction over these

Page | 7

matters—indeed, it was just two months ago that 1100 West learned that Columbia Street claimed that its work under the Settlement Agreement was complete. Columbia Street has offered no authority suggesting that discovery is improper as part of a settlement agreement enforcement proceeding. And a reasonable interpretation of the entire Settlement Agreement clearly shows that Columbia Street had to do more than merely issue a Certificate of Completion to fulfill its obligations thereunder. For all these reasons, 1100 West is entitled to limited discovery.

WHEREFORE, Plaintiff 1100 West requests that the Court permit 1100 West to conduct limited discovery as outlined in its Memorandum of Law in Support of Motion to Enforce Settlement Agreement, and for all other just and proper relief.

DATED: March 17, 2021

        Respectfully submitted,

        */s/ Thomas A. Barnard*
        Thomas A. Barnard, Atty. No. 4011-49
        Jayna M. Cacioppo, Atty. No 25514-49
        Taft Stettinius & Hollister LLP
        One Indiana Square, Suite 3500
        Indianapolis, IN  46204
        P: (317) 713-3500
        F: (317) 713-3699
        E: tbarnard@taftlaw.com
        jcacioppo@taftlaw.com

        *Attorneys for Plaintiff, 1100 West, LLC*

## CERTIFICATE OF SERVICE

I certify that on March 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*/s/ Thomas A. Barnard*
Thomas A. Barnard

29039077v1